IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-228-FL
No. 5:14-CV-511-FL

| | | |
|---|---|---|
| ALONZO GARDNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 106), and the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 113). Also before the court are petitioner's motions to amend, to supplement, to expedite, to alter judgment, and for status update. (DE 111, 118, 130, 131, 132, 133, and 134-1). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates, entered a memorandum and recommendation ("M&R") (DE 138), wherein it is recommended that the court deny petitioner's motions and grant respondent's motion. Petitioner filed objections to the M&R, as corrected. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, denies petitioner's motions, and grants respondent's motion.

## BACKGROUND

Indictment filed August 3, 2011, charged petitioner with possession of two firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924. Petitioner filed a motion to suppress on December 14, 2011, and the magistrate judge conducted an evidentiary hearing concluding February 1, 2011. The magistrate judge entered an M&R on August 9, 2012, recommending that the motion to suppress be denied upon findings of fact set forth in the M&R. Upon defendant's objections, this court adopted the findings of fact in the M&R and granted in part and denied in part the motion to suppress, by orders entered November 30, 2012 and January 30, 2013.

On March 13, 2013, petitioner pleaded guilty to the charge set forth in the indictment, pursuant to a written plea agreement. In that plea agreement, petitioner agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(DE 85 at 1). In the plea agreement, petitioner also reserved his right to appeal the district court's ruling on his motion to suppress. On June 20, 2013, petitioner was sentenced to a term of imprisonment of 105 months. Petitioner appealed the court's suppression ruling, and the court of appeals affirmed.

Petitioner filed the instant motion to vacate on September 15, 2014, asserting ineffective assistance of counsel on appeal (grounds 1 and 4); ineffective assistance of counsel regarding suppression hearing and plea (grounds 3, 5, 7); and ineffective assistance of counsel at sentencing

2

(grounds 2 and 6). In its motion to dismiss, the government argues that petitioner's claims are without merit and, in part, because the plea waiver bars the claim and petitioner raised arguments on appeal.

**COURT'S DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

In petitioner's objections, petitioner reiterates arguments asserted in support of his claims, which arguments the M&R cogently and thoroughly addressed.  Upon de novo review of the claims and the record in this case, including review of documents attached to the objections, the court adopts and incorporates herein as its own the M&R's discussion of the claims, finding that the M&R correctly determined that petitioner's claims lack merit.  In addition, finding no clear error, the court adopts the M&R's determination of petitioner's remaining motions.

In particular, with respect to petitioner's claims of ineffective assistance of counsel on appeal (grounds 1 and 4),  petitioner has not demonstrated that the arguments he now suggests are "clearly stronger than those presented" on appeal.  Smith v. Robbins, 528 U.S. 259, 288 (2000) (quotations omitted).  With respect to petitioner's claims that counsel was deficient in failing to raise additional arguments and objections upon motion to suppress, (grounds 3, 5, 7), petitioner has not demonstrated a reasonable probability that but for counsel's alleged omissions the result of the proceeding would have been different.  Strickland v. Washington, 528 U.S. 259, 288 (1984). Finally, with respect to petitioner's claims that counsel should have raised objections to base offense level and obstruction enhancements (grounds 2 and 6), counsel was not ineffective in failing to raise objections that are without merit.  See id.; see, e.g., United States v. Kerr, 737 F.3d 33, 36 (4th Cir. 2013) (holding that prior convictions carrying presumptive term of 9 to 11 months, as here, qualified as predicate felony convictions).

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable

jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court adopts the recommendation of the M&R (DE 138), DENIES petitioner's motion to vacate (DE 106), GRANTS the government's motion to dismiss (DE 113), and DENIES petitioner's remaining motions (DE 111, 118, 130, 131, 132, 133, and 134-1). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of February, 2017.

LOUISE W. FLANAGAN
United States District Judge